# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KENNETH E. MORRIS, JR.,

        Plaintiff,

v.

        CIVIL ACTION

        No: 10-2559-EFM-GLR

CABELAS,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff brings this action for employment discrimination under Title VII of the Civil Rights Act of 1964. The Court has before it Plaintiff's Motion to Unseal the Transcript 30 Days From March 11, 2011 of the Videotaped Deposition (ECF No. 45) and Memorandum in Support (ECF No. 46). Plaintiff requests "permission to unseal the transcript" due to the burden of cost. He states that the court reporter provided him with the transcript of his deposition "in a locked version and no copy could be obtained." He also requests that he be provided the videotape recording of his deposition, so that he can compare it to the transcript prepared by the court reporter. Plaintiff proceeds in this case *in forma pauperis*.[1]

Defendant has responded (ECF No. 50) by asking the Court to deny the motion for lack of legal basis. Defendant construes the motion as requiring the court reporter to provide Plaintiff with a paper copy of the transcript at no cost. It asserts that, pursuant to Fed. R. Civ. P. 30(f)(3), the reporter must only furnish a copy of the transcript to any party or deponent upon payment of reasonable charges for it. The same rule applies to a video recording of the deposition.

---

[1] *See* Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 5).

The motion essentially raises three issues: (1) Is Plaintiff entitled to a paper copy of his deposition transcript to review under Fed. R. Civ. P. 30(e)(1)? (2) Does the fact that Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915 authorize the Court to order payment of the costs for him to obtain a copy of his deposition transcript or the video recording? (3) Is the court reporter required to also provide Plaintiff with the video recording, in order to compare it with the transcript?

Federal Rule of Civil Procedure 30(e)(1) allows a deponent or a party an opportunity to review the transcript or recording of the deposition. It provides that:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
> (A) to review the transcript or recording; and
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.[2]

The rule is not clear about how the court reporter (officer) is to make the transcript "available" to the deponent. Does it mean that the deponent must be mailed a paper copy? Is an electronic copy emailed to the deponent sufficient? Or can the court reporter advise the deponent of the hours when he may come to the office of the court reporter to review the transcript?

At least one other court has recently addressed the issue of what "available" means in the context of Rule 30(e)(1). In *Parkland Venture, LLC v. City of Muskego*,[3] the court found that the court reporter had made the transcript "available" under Rule 30(e)(1) by requesting that the deponents come to her office to review the transcripts of their depositions. It noted that it made

---

[2]Fed. R. Civ. P. 30(e)(1).

[3]270 F.R.D. 439, 440-41 (E.D.Wis. 2010).

sense for the court reporter to require such action on the part of the deponents, because maintaining the original transcript in her office and not sending copies protects the court reporter's entitlement to "reasonable charges" for providing a copy of the transcript to any party or the deponent, pursuant to Rule 30(f)(3).[4]

In the instant motion Plaintiff states that "the transcript was sent in a locked version and no copy could be obtained and could only be sent by email, the information was sent by email but the information could not be printed out." Although Plaintiff states that the transcript was "locked," the Court construes from his other statements that he could open and view the transcript, but could not print a paper copy of it. The Court finds that sending an electronic copy of the transcript by email to Plaintiff is sufficient to make it "available" to him for purposes of Rule 30(e)(1), so long as he can open and read it in a legible format. Being available does not necessarily mean that Plaintiff be able to print out the transcript. As pointed out by the court in *Parkland* case, sending the transcript in a format that does not permit Plaintiff to print it protects the reporter's entitlement to "reasonable charges" for her work. Rule 30(e)(1) does not entitle Plaintiff to a transcript in format that permits him to print it free of charge.

The fact that Plaintiff proceeds *in forma pauperis* in this action does not exempt him from paying the court reporter reasonable charges for a copy of the transcript of his deposition. Under Rule 30(f)(3), the court reporter must furnish a copy of the transcript or record "[w]hen paid reasonable charges." Although Plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915 does not authorize the Court to pay the costs for a copy of his deposition transcript. The Tenth Circuit has expressly recognized that "[t]here is no statutory requirement that the government provide a litigant

---

[4]*Id.* at 441.

proceeding *in forma pauperis* with a copy of his deposition transcript."[5] Other courts have likewise held that an *in forma pauperis* litigant has no right to obtain discovery free of charge.[6]

Plaintiff also seeks a copy of the videotape recording of his deposition. The court reporter made his transcript available by emailing it to him in an electronic format that he can view. She is not also required to provide Plaintiff with the video recording of his deposition for purposes of comparison. If Plaintiff wants a copy of the video recording, he needs no Court order for it. He may request a copy from the court reporter, pursuant to Fed. R. Civ. P. 30(f)(3). Plaintiff has no right, however, to a free copy. He must pay the reasonable charges for obtaining it. As explained above, 28 U.S.C. § 1915 does not authorize the Court to pay the costs of discovery, which would include the costs of a videotape recording of his deposition. The Notice of Videotaped Deposition (ECF No. 28), setting the deposition on March 11, 2011, states that it would be stenographically recorded by AAA Court Reporting Company, . . . with videotaping by Testimonial Video Services, . . . ."[7] If Plaintiff wishes to pursue the matter further, he should contact the court reporter to request and obtain, upon payment of reasonable charges, a copy of his videotape deposition.

---

[5]*Burns v. Gray*, 106 F.3d 413, 1997 WL 26534, at *1 (10th Cir. 1997) (unpub.) (citing 28 U.S.C. § 1915; *Tabron v. Grace*, 6 F.3d 147, 158 (3d Cir. 1993)).

[6]*See Hawkinson v. Montoya*, Civ. A. No. 04-cv-01271-EWN-BNB, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) (plaintiff proceeding *in forma pauperis* attempting to obtain copies of state court transcripts had no right to obtain documents through discovery free of charge); *Windsor v. Martindale*, 175 F.R.D. 665, 672 (D. Colo. 1997) (state inmate bringing a federal action pro se and *in forma pauperis* was "not entitled to a copy of any document [responsive to a subpoena duce tecum] without payment of an appropriate copy cost, if required.").

[7]*See* Notice of Videotaped Dep. of Kenneth E. Morris, Jr. (ECF No. 28).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Unseal the Transcript 30 Days From March 11, 2011 of the Videotaped Deposition (ECF No. 45) is denied.

Dated in Kansas City, Kansas on this 13th day of May, 2011.

S/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge