**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


KENNETH E. MORRIS, JR.,

        Plaintiff,

                                        CIVIL ACTION

v.

                                        No: 10-2559-EFM-GLR

CABELAS,

        Defendant.

## <u>ORDER</u>

Plaintiff brings this action for employment discrimination under Title VII of the Civil Rights Act of 1964. The Court has before it Plaintiff's Motion to Issue Subpoena (ECF No. 40). Although titled motion to issue subpoena, Plaintiff appears to be requesting permission to serve a subpoena on Defendant or compel compliance with a subpoena. Plaintiff also appears to be requesting permission under Federal Rule Civil Procedure 34 to inspect Defendant's premises to review the cameras, and to photograph and inspect the premises. Defendant did not file any response to the motion.

The motion indicates that Plaintiff issued a subpoena on March 3, 2011, served it on March 4, and received a letter from defense counsel dated March 8. The letter from defense counsel states that Plaintiff "will not be permitted entry onto [Defendant's] property on March 12, 2011."[1]

Federal Rule of Civil Procedure 37 governs motions to compel. It specifically provides that:

A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . . (iv) a party

---

[1]Ex. 1 to Pl.'s Mot. to Issue Subpoena (ECF No. 40-1).

fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.[2]

Any motion to compel filed under Rule 37 must include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[3]

Plaintiff's motion does not include a certification that he has attempted to confer with defense counsel. Nor does the motion expressly mention any efforts or attempts to confer with defense counsel prior to filing the motion. The motion will therefore be denied without prejudice to a similar motion if necessary, if the parties are not able to resolve the matter without court action.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Issue Subpoena (ECF No. 40) is denied without prejudice to a similar motion, if necessary, if the parties have not been able to resolve the matter.

Dated in Kansas City, Kansas on this 17th day of May, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[2]Fed. R. Civ. P. 37(a)(3)(B).

[3]Fed. R. Civ. P. 37(a)(1).