# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KENNETH E. MORRIS, JR.,

        Plaintiff,

v.

        CIVIL ACTION

        No: 10-2559-EFM-GLR

CABELAS,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff brings this action for alleged employment discrimination under Title VII of the Civil Rights Act of 1964. The Court has before it Plaintiff's Motion for Leave to Compel a Discovery Response (ECF No. 64). Plaintiff moves to compel Defendant to allow inspection on premises under Federal Rule of Civil Procedure 34. On May 17, 2011, the Court denied without prejudice Plaintiff's motion for permission to review the cameras and photograph and inspect Defendant's premises. The Court grants in part and denies in part the present motion.

Defendant opposes the motion for lack of merit. It also contends Plaintiff has failed to make a "reasonable effort to confer," as required by Fed. R. Civ. P. 37 and D. Kan. Rule 37.2. Defendant further suggests that the motion stems from Request No. 2 of the Plaintiff, seeking "[d]ocuments of any camera to be subpo[e]ned to appear in court along with any voice recorded from the months of January and February that shows detail on who has been going thru the same door, if the information cannot be obtained please have Plaintiff allowed for inspection on the premises to view a peek of the information."[1] Defendant objected to Plaintiff's Request No. 2 as "vague, ambiguous, and

---

[1] Ex. A to Def.'s Opp. to Pl.'s Mot. to Compel (ECF No. 66-1).

unclear." It further responded that "assuming that Plaintiff is seeking video recordings during the months of January and February, 2010, of the door for which Plaintiff set off the alarm, [Defendant] does not have documents or recordings responsive to this request."[2]

Defendant further contends that, if the request is regarded as seeking permission for Plaintiff to inspect the premises, such procedure would serve no purpose. No video exists to review. Defendant argues that Plaintiff is thoroughly familiar with the location, since he saw it every day when he worked there and has stated no purpose for an inspection. Defendant contends that the only apparent purpose for an "inspection" is to harass it, create a scene, and disrupt its business operations.

Under Federal Rule of Civil Procedure 34(a)(2), a party may serve on any other party a request within the scope of Rule 26:

> to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Such a request must set forth the property to be inspected and "specify a reasonable time, place, and manner for the inspection and for performing the related acts."[3] If the parties differ as to whether an inspection is appropriate, the court must balance the respective interests by weighing "'the degree to which the proposed inspection will aid in the search for truth'" against the "'burdens and dangers

---

[2]Ex. B to Def.'s Opp. to Pl.'s Mot. to Compel (ECF No. 66-2).

[3]Fed. R. Civ. P. 34(b)(1)(B).

2

created by the inspection.'"[4]  Whether or not to permit an inspection pursuant to Rule 34 is within a court's discretion.[5]

In his Amended Employment Discrimination Complaint, Plaintiff alleges his employment was terminated because of his race.  His employer, however, told him his employment was terminated for setting off an alarmed door and lying about it.  He refers to a specific instance on or about January 30, 2010, when the alarm was triggered.  He alleges that, while on his lunch break and off the clock, he exited the doors to go outside to smoke a cigarette, where all employees go when on break.  When he came back in, he notified his lead manager and another employee that the alarm had gone off.  Several days later his main manager/supervisor asked Plaintiff if he knew anything about the alarm going off, suggesting to Plaintiff that it was recorded on camera.

The Court finds that the request for inspection should be allowed.  In particular, the area where Plaintiff allegedly opened an alarmed door to go outside to smoke and where he alleges that all the employees go on break.  The inspection requested by Plaintiff could provide or add information about the location of the door, any signs on the door, location of any camera overlooking the area, or other information incidental to the alleged cause for termination.  The Court finds the request reasonably calculated to lead to the discovery of admissible evidence.

Defendant also urges denial of the motion for the alleged failure of Plaintiff to confer, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.  Defendant disputes the contention that Plaintiff attempted to confer in good faith, because there were no personal or telephone discussions with Plaintiff about Request No. 2.  Plaintiff did send to counsel for Defendant letters, dated May

---

[4]*Welzel v. Bernstein*, 233 F.R.D. 185, 186 (D.D.C. 2005).

[5]*Id.* (citing *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 907 (4th Cir. 1978)).

4 and May 9, 2011, which among other matters, refer to video footage. Defendant rejects these as representing any valid effort by Plaintiff to confer about the subject of this motion.

Federal Rule of Civil Procedure 37 governs motions to compel. It specifically provides that:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . . (iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.[6]

Any motion to compel filed under Rule 37 must include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[7]

Plaintiff states that he attempted to confer. On February 10, 2011, he mailed to defense counsel a request for production under Rule 34 for inspection of premises to view the cameras. He contends that Defendant did not respond to the request for inspection. Plaintiff asked a question on March 9, 2011, and allegedly received no response as to the inspection. Rule 37(a)(2)(B) permits a discovering party to file a motion for an order to compel inspection upon failure of a response to a request for inspection under Rule 34, provided the motion includes a certification that movant has in good faith conferred or attempted to confer with the respondent. The instant motion includes a statement that Plainitff attempted to confer in good faith for an inspection of the premises, which Defendant refused. If the reported efforts to confer were not extensive or did not address the issue with ideal clarity, the Court nevertheless finds that Plaintiff did make sufficient attempts to confer with defense counsel before filing the motion.

---

[6] Fed. R. Civ. P. 37(a)(3)(B).

[7] Fed. R. Civ. P. 37(a)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Compel a Discovery Response (ECF No. 64) is granted in part and denied in part. To the extent that Plaintiff is seeking to compel Defendant to produce video recordings during the months of January and February, 2010, from the camera(s) overlooking the door for which Plaintiff set off the alarm, that request is denied based upon Defendant's representation that no video exists. The Court grants the request by Plaintiff to inspect the premises of Defendant, as sought by his request. Defendant shall make its premises in Kansas City, Kansas, at the location where Plaintiff was previously employed, available for such inspection, photographing, and video recording at a date and time to which the parties may agree, and to be completed by August 1, 2011, or at such later time to which the parties may agree. To minimize the risk of disruption to Defendant's business, the area to be inspected shall be limited to the areas where Plaintiff allegedly opened an alarmed door to go outside to smoke and where he alleges that employees go when on break.

Dated in Kansas City, Kansas on this 23rd day of June, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge
