## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENNETH E. MORRIS, JR.,

          *Plaintiff*,

vs.                                                                 Case No. 10-2559-EFM

CABELA'S WHOLESALE, INC.,

          *Defendant*.

## MEMORANDUM AND ORDER

Plaintiff, proceeding *pro se*, claims the defendant unlawfully discriminated against him by terminating his employment with Cabela's.  Cabela's claims it terminated Plaintiff's employment following an investigation and interview of Plaintiff regarding his opening of an alarmed door to smoke in an unauthorized area, and what Cabela's believed was Plaintiff's subsequent dishonesty regarding the event. The Complaint alleges that the discrimination was due to Plaintiff's race. Presently before the court is defendant Cabela's motion for summary judgment (Doc. 80).  For the following reasons, the court grants the motion.

### I.  Facts

The defendant's motion for summary judgment sets forth a statement of facts with appropriate references to the record as required by Federal Rule of Civil Procedure 56 and Local Rule 56.1.  Plaintiff's response does not address or even refer to the defendant's statement of facts,

nor does it contain any citation to evidence in the record.[1]  Local Rule 56.1 provides in part that "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purposes of summary judgment unless specifically controverted by the statement of the opposing party."  Even under the liberal standards of construction afforded to *pro se* litigants, plaintiff's failure to address the evidence means that defendant's statement of facts is uncontroverted for purposes of summary judgment.  Accordingly, there is no genuine dispute as to the following facts.

Receiving Manager Thomas Van Anne hired Plaintiff on November 2, 2009, for a temporary position during the holidays.  On January 28, 2010, Van Anne decided to retain Plaintiff for a part-time receiving associate position on the overnight shift, rather than allowing Plaintiff's temporary position to end.

At approximately 11:15pm on Saturday, January 30, 2010, a door alarm went off at the employee entrance of Defendant's store during the overnight shift when the store was closed and locked down for stocking.  Plaintiff admitted to taking a "smoke break" and opening the door, setting off the alarm.  Plaintiff also testified that he was aware the door was alarmed and had to be deactivated for him to leave without setting it off.  Upon returning inside the building, Plaintiff notified supervisor Teresa Hanson that the alarm was going off, but did not mention that he was the one who set it off.  Hanson walked to the backdoor and smelled cigarette smoke, and later reported the incident to Receiving Manager Van Anne.

To ensure that its retail stores maintain proper security, Cabela's has an alarm system policy, which is referenced in the employee handbook.  This policy provides that overnight employees are not to leave the store without authorization from someone who can de-arm the system, and that all

---

[1] Doc. 82.

breaks must be taken inside the store.   All employees acknowledge this and other policies through various signatures.   Indeed, Plaintiff admitted to signing the employee acknowledgment, although he claims to be unsure regarding which acknowledgment he actually signed.[2]   Further, Cabela's mangers orally reiterated these policies to receiving associates on a regular basis.   Cabela's considers the alarm policy extremely important because of the presence of firearms and ammunition at the store, and because of the number of employees present late at night.   Plaintiff admitted that he was well aware that he was not supposed to exit the building without permission, absent an emergency.   Additionally, the door that was breached in this case has a large sign posted on it stating: "STOP Building is ALARMED if you exit these doors the POLICE will be called."   Moreover, Plaintiff acknowledged in writing that he was aware of Cabela's policy prohibiting smoking in the building.

On Monday February 1, 2010, Van Anne began investigating the alarm incident.   Van Anne directly asked Plaintiff if he knew the reason for the alarm sounding, and Plaintiff said he did not. It was not until Van Anne informed Plaintiff that Cabela's security cameras likely captured the reason for the breach that Plaintiff admitted to causing the alarm.   Plaintiff then wrote a statement about the incident in which he admitted to opening the alarmed door, smoking a cigarette, and failing to disclose that he triggered the alarm.   Plaintiff also apologized for not being forthright about the incident.   Plaintiff was then sent home and instructed not to return to work until he received approval from Cabela's Human Resources Department.

---

[2] At his deposition, Plaintiff testified that it was his signature at the bottom half of the employee handbook, but that he did not remember signing it and that although it was his signature, "it could have been copied." (Plt. Dep. 11). Plaintiff provides nothing to support his conclusory allegation that his signature was copied onto the employee handbook.

On February 4, 2010, Cabela's terminated Plaintiff's employment for violating Cabela's company policies, including the integrity and honesty requirements.

In September 2010, Plaintiff and 120 others submitted an electronic application seeking to be hired by Cabela's.  Plaintiff later called Van Anne, who explained that the positions were filled with people Van Anne believed to be a better fit.  Van Anne did not want to re-hire Plaintiff because he believed Plaintiff had violated a number of policies and had been dishonest directly to Van Anne during the investigation.

## II.  Standards

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[3]  "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[4]  A fact is "material" when "it is essential to the proper disposition of the claim."[5]  The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[6]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[7]  In attempting to meet this standard, the moving party need not disprove the

---

[3]Fed. R. Civ. P. 56(a).

[4]*Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[5]*Id.*

[6]*LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[7]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[8]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[9]  The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[10]  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[11] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[12]  The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[13]

Finally, summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[14]

---

[8]*Id.* (citing *Celotex*, 477 U.S. at 325.)

[9]*Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[10]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[11]*Adler*, 144 F.3d at 671.

[12]*White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[13]*Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[14]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

## III.  Analysis

1.  Discrimination

Plaintiff claims that Defendant discriminated against him when it terminated his employment.  Under the familiar *McDonnell Douglas* burden-shifting framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination.[15]  If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a nondiscriminatory reason for its action.[16]  If the defendant does so, the burden shifts back to the plaintiff to demonstrate that the defendant's explanation is pretext for discrimination.[17]

For purposes of the summary judgment motion, Defendant does not dispute that Plaintiff can establish a prima facie case of race discrimination.  Defendant's assertion that it terminated Plaintiff due to a violation of the company's policy and lying during the investigation is a legitimate, nondiscriminatory reason.

The burden now shifts to Plaintiff to present sufficient evidence to raise a genuine issue as to whether the proffered reason is a pretext for race discrimination.[18]  "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employers did not act for the asserted non-discriminatory reasons."[19]  Typically, a plaintiff makes a showing of pretext with: (1) evidence that

---

[15]*Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002).

[16]*Id.*

[17]*Id.*

[18]*Trujillo v. PacifiCorp*, 524 F.3d 1149, 1158 (10th Cir. 2008).

[19]*Id.* (citation omitted).

the defendant's stated reason is false; (2) evidence that the defendant acted contrary to a written policy; and (3) evidence that the defendant acted contrary to an unwritten policy or practice.[20] Another way a plaintiff may demonstrate pretext is by producing evidence that she was treated differently from similarly situated employees who violated comparable work rules.[21]  Yet another way a plaintiff may demonstrate pretext is through prior treatment of the plaintiff or through the use of subjective criteria.[22]  The Court must consider this evidence as a whole.[23]

Plaintiff has no evidence whatsoever that would show that Defendant's non-discriminatory reason is pretextual.  Rather, Plaintiff impermissibly relies on his own subjective belief and conjecture to attempt to establish that Cabela's acted in a discriminatory fashion.[24]

Further, Cabela's claims, and Plaintiff does not dispute, that it has terminated other employees for similar acts of dishonesty related to violations of company policy.  For example, three separate Caucasian employees were terminated for violations of company policy.  Just like Plaintiff, these employees were fired for being dishonest and did not have any previous discipline issues.  The fact that other employees were terminated for violations of company policy undermines Plaintiff's argument that he was singled out for termination because of purported - but unsubstantiated discriminatory motives.[25]  Indeed, Plaintiff has not presented a single other employee who engaged

---

[20]*Kendrick v. Penske Transp. Servs, Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000).

[21]*Id.* at 1232.

[22]*Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1308 (10th Cir. 2005).

[23]*Annett v. Univ. of Kan.*, 371 F.3d 1233, 1241 (10th Cir. 2004).

[24] *See id.* ("[m]ere conjecture that the [defendant] acted with discriminatory reasons will not suffice to establish pretext.") (citing *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999)).

[25] *See English v. Colo. Dept. of Corrections*, 248 F.3d 1002, 1012 (10th Cir. 2001) (quoting *Simpson v. Kay Jewelers*, 142 F.3d 639, 646-47 (3d Cir. 1998) (A plaintiff "cannot pick and choose a person [he] perceives is a valid comparator who was allegedly treated more favorably, and completely ignore a significant group of comparators who

in similarly serious behavior who was disciplined differently.  The only claim Plaintiff has made is that managers are treated differently because they can dis-arm the alarm themselves and take cigarette breaks whenever they wanted.  Nonetheless, a manager, as opposed to an employee, having a key to the facility in no way suggests a decision based on race.  Finally, Plaintiff cannot identify a single race-based comment from anyone at Cabela's.

Put simply, there is no genuine issue of material fact with respect to Plaintiff's race discrimination claim.  Defendants provided a legitimate non-discriminatory reason for terminating Plaintiff.  Plaintiff's personal belief that the decision was too harsh does not render it discriminatory. As such, summary judgment is proper.

2. Retaliation

Plaintiff also alleges that Defendant retaliated against him by failing to re-hire him in September 2010.  However, Plaintiff failed to file a retaliation claim with the EEOC.[26]  When a discrete employment act such as "termination, failure to promote, denial of transfer or refusal to hire," occurs after the filing of an EEOC charge, the employee must file an additional charge relating to the discrete act.[27]  Accordingly, Plaintiff's claim for retaliatory failure to re-hire must be dismissed for failure to exhaust administrative remedies.

---

were treated equally or less favorable than [he].").

[26] Defendants claim Exhibit E of Doc. 81 is the EEOC charge, and cite to that to  support their claim that Plaintiff did not exhaust his administrative remedies.  However, Exhibit E is a declaration of Kelsey Johnson, not the EEOC documentation.  Nonetheless, the Court was able to review the EEOC record because it was filed as a supplement to the complaint (Doc. 9).

[27] *Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)).

**IT IS THEREFORE ORDERED** that defendant Cabela's motion for summary

judgment (Doc. 80) is GRANTED.

**IT IS SO ORDERED**.

Dated this 31st day of August, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

-9-