IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH E. MORRIS, JR.,

 *Plaintiff*,

vs.

CABELA'S WHOLESALE, INC.,

 *Defendant*.

Case No.  10-2559-EFM

**MEMORANDUM AND ORDER**

  Plaintiff Kenneth E. Morris, Jr., proceeding *pro se*, sued his former employer, Defendant Cabela's Wholesale, Inc., alleging that Cabela's violated Title VII of the Civil Rights Act of 1964. The Court recently granted Cabela's motion for summary judgment on all of Morris's claims. Before the Court is Plaintiff's Motion for Reconsideration (Doc. 87). For the following reasons, the Court denies the motion.

**I.  Factual and Procedural Background**

  Morris was terminated from his temporary employment position with Cabela's after an incident in which Morris violated company policies by exiting an alarmed door without authorization and lying to his supervisor during the ensuing investigation. Morris sued Cabela's on the grounds that his termination constituted racial discrimination. Cabela's moved for summary

judgment,[1] arguing that Morris could not satisfy the *McDonnell Douglas* burden-shifting test.[2] After careful review of the record, the Court granted Cabela's motion[3] and judgment was entered for Cabela's on September 2, 2011.[4] On September 6, 2011, Morris moved for reconsideration of the Court's order granting summary judgment.[5]

## II. Legal Standard

The Court has discretion whether to grant a motion to reconsider.[6] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[7] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason."[8] Here, it appears that Morris intended to bring his motion for reconsideration under Rule 59(e).[9] Notably, Morris filed his motion within 10 days of the entry of judgment as required under Rule 59(e).[10] Therefore, the Court's ensuing

---

[1] Doc. 80.

[2] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973) (noting that in a discrimination case, (1) the plaintiff bears the burden of establishing a prima facia case of racial discrimination, (2) the defendant must "articulate some legitimate, nondiscriminatory reason for the employee's rejection," and (3) the burden then shifts back to the plaintiff to show that the defendant's articulated reason is pretextual).

[3] Doc. 85.

[4] Doc. 86.

[5] Doc. 87.

[6] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[7] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[8] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

[9] *See* Doc. 87, p. 3.

[10] *See Lyons v. Zavaras*, 308 Fed. Appx. 252, 254 (10th Cir. 2009) ("[M]otions for reconsideration that are served more than ten days after the final judgment are construed to be motions pursuant to Fed. R. Civ. P. 60(b) rather than Fed. R. Civ. P. 59(e)." (citing *Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008)).

analysis presumes Morris has filed a motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

A motion for reconsideration "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[11] The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[12] "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[13] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[14]

### III. Analysis

Morris has not presented the Court with a valid reason to reconsider its Order granting summary judgment. Morris fails to allege any errors of law or manifest injustice in the Court's previous Order. Instead, Morris's motion recycles arguments made in his response to Cabela's summary judgment motion. The motion states, without evidentiary support, that Caucasian workers who engaged in the same conduct as Morris were not terminated from their positions with Cabela's. Morris now claims to remember an employee named Glen who witnessed the events at issue and will testify to disparate racial treatment. But Morris did not include in his motion a statement from Glen. Furthermore, a motion for reconsideration should not rely on new arguments that could have been

---

[11] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[12] *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

[13] *Voelkel*, 846 F. Supp. at 1483.

[14] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

raised in prior briefing,[15] such as Morris's response to Cabela's motion for summary judgment. Therefore, Morris failed to allege errors of facts of law that require the Court to alter or amend its previous Order granting Cabela's motion for summary judgment.

**IT IS ACCORDINGLY ORDERED** this 19th day of October, 2011 that Plaintiff's Motion for Reconsideration (Doc. 87) is hereby **DENIED**.

**IT IS SO ORDERED**.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[15] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).