# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KENNETH E. MORRIS, JR.,

    *Plaintiff,*

v().

CABELA'S WHOLESALE, INC.,

    *Defendant.*

Case No. 10-2559-EFM

## MEMORANDUM AND ORDER

Plaintiff Kenneth E. Morris, Jr., brings this motion to reopen his discrimination lawsuit against his former employer, Defendant Cabela's Wholesale, Inc. Morris alleges that in the time since the Court dismissed his case without prejudice, the Equal Employment Opportunity Commission granted Morris a right-to-sue letter. The EEOC dismissed Morris's claim for relief on the grounds that his claim was not timely filed. Because a plaintiff may not pursue a Title VII claim in federal court unless the plaintiff first filed a timely EEOC charge, the Court denies the motion to reopen Morris's case.

### I.     Factual and Procedural Background

On October 14, 2010, Plaintiff Kenneth E. Morris, Jr., filed suit in this Court alleging that he was wrongfully terminated from his employment with Defendant Cabela's Wholesale, Inc.,

and retaliated against in violation of Title VII of the Civil Rights Act of 1964.[1] On August 31, 2011, the Court granted Cabela's motion for summary judgment on the grounds that (1) Cabela's provided a legitimate, non-discriminatory reason for Morris's termination, and (2) Morris had not exhausted his administrative remedies on his claim of retaliation. On October 19, 2011, the Court denied Morris's motion requesting that the Court reconsider its previous decision on summary judgment. The Tenth Circuit affirmed both orders from this Court on June 20, 2012, but remanded with instructions that the Court clarify that Morris's retaliation claim was dismissed without prejudice. The Court so clarified in an order filed on June 21, 2012.

On September 25, 2012, Morris filed a retaliation claim with the EEOC, alleging that Cabela's violated Title VII when it failed to rehire Morris for a vacant position. On October 3, 2012, the EEOC dismissed Morris's charge on the grounds that it was not timely filed. On October 11, 2012, Morris moved to reopen the case he originally filed in this Court in October 2010, claiming he has now exhausted his administrative remedies.

## II. Analysis

The Court denies Morris's request to reopen his case. Although Morris has now exhausted his administrative remedies, the Court has no jurisdiction over his claim. "Before beginning a Title VII suit, a plaintiff must first file a *timely* EEOC charge."[2] To constitute a timely-filed charge, Title VII requires plaintiffs to file a discrimination charge with the EEOC or a local agency "within one hundred and eighty days after the alleged unlawful employment

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] *Lewis v. City of Chicago, Ill.*, ___ U.S. ___, 130 S.Ct. 2191, 2196–97 (2010); *see also Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012) (requiring the plaintiff to "timely file her disparate treatment claim with the EEOC or Utah Labor Commission and receive a right to sue letter").

practice occurred."[3]  This timing requirement is not jurisdictional, however, and is therefore subject to equitable tolling in the event of " 'active deception' such as when 'a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts.' "[4]

Here, the alleged discriminatory occurred in September 2010 when Morris applied for another job with Cabela's, but Morris did not file his EEOC claim until two years later—outside the 180-day window prescribed in Title VII.  The EEOC therefore dismissed Morris's charge as untimely.[5]  Morris makes no allegation that his late filing was the result of active deception.  In fact, Morris did file an EEOC charge for wrongful termination in February 2010, and was on notice that he should have also filed a charge of retaliation as of the Court's August 31, 2011, order granting summary judgment.  Therefore, the Court finds that Morris's motion to reopen his claim for retaliation has not been made pursuant to a timely-filed EEOC charge.

**IT IS ACCORDINGLY ORDERED** this 7th day of February, 2013, that Plaintiff's Motion to Reopen the Case (Doc. 103) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[3] 42 U.S.C. § 2000e-5(e)(1).

[4] *Dumas v. Proctor & Gamble Mfg. Co.*, 453 Fed. App'x 819, 820 (10th Cir. 2011) (quoting *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)).

[5] It appears as though Morris scribbled over the EEOC's Dismissal and Notice of Rights, filling in other boxes on the form in an attempt to obfuscate the EEOC's true reason for denial.  *See* Dismissal & Notice of Rights, Doc. 103, p. 3.  Nevertheless, careful review of the document shows a printed "X" in the box stating "Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge."  *Id.*